[Cite as *In re J.B.*, 2023-Ohio-1697.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re J.B.

Court of Appeals No.  L-22-1226

Trial Court No.  JC 20280667

**DECISION AND JUDGMENT**

Decided:  May 19, 2023

* * * * *

David T. Rudebock, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 31, 2022 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant, father, J.O., and granted permanent custody of the minor child, J.B., to appellee, Lucas County Children Services ("LCCS").  The mother did not appear at the permanent custody hearing and is not a party to this case.  Appellant likewise did not

appear at the permanent custody hearing. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On April 16, 2020, a complaint in dependency was filed in Henry County regarding the minor child. On June 3, 2020, the minor child, J.B., was found to be dependent by the Henry County Juvenile Court. Appellant stipulated and consented to the dependency finding. The articulated basis of the trial court's dependency determination found, in relevant part, "Father having a no contact order with any children under the age of 18 as a condition * * * for charges of menacing by stalking, a felony of the fourth degree, and domestic violence * * * from an incident in which J.B. is the victim * * * Mother, a known prostitute in Toledo, then took [him] * * * [and was] staying in a [Detroit] hotel." The case was then transferred to Lucas County for disposition.

{¶ 3} On September 15, 2020, the dispositional hearing was conducted. The trial court determined that it was in the best interest of the minor child to grant temporary custody to LCCS. On August 26, 2020, the trial court approved LCCS's case plan. On June 16, 2021, the grant of temporary custody was extended. On December 16, 2021, a second extension of temporary custody was granted. On January 25, 2022, approximately two years after the case commenced, LCCS filed a motion for permanent custody.

2.

{¶ 4} On September 6, 2022, the permanent custody hearing was conducted. The trial court noted that appellant was properly served, but nevertheless failed to appear for the hearing. Appellant's counsel notified the court that appellant would not return counsel's communications and failed to convey any position or stance to counsel in connection to the case. The trial court found that appellant had waived his right to counsel and counsel for appellant's request to withdraw was granted.

{¶ 5} During the course of the permanent custody hearing, the initially assigned LCCS caseworker testified that although appellant did complete the recommended batterers' assessment and parenting classes, appellant shortly thereafter committed another domestic violence incident in which he physically assaulted and injured his minor stepson. The incident was captured on video camera security footage. Appellant was charged and convicted in connection to the offense. In response to appellant's recurrence of domestic violence against a minor, LCCS required that appellant undergo a new batterers' assessment, parenting classes, and complete recommended services. Appellant did not do so and made no attempt to comply with services following the incident.

{¶ 6} The caseworker further testified that appellant, who is gainfully employed, owns his own business, and owns a motor vehicle, only exercised his right of visitation with J.B. approximately six times over an 18-month period.

{¶ 7} The subsequently assigned LCCS caseworker bolstered this testimony by further testifying that appellant made no efforts to visit J.B. during her involvement in the

3.

case, despite his ability to do so. The caseworker also testified that there were no viable relative placements for J.B. and that appellant indicated that he knew of no potential relative placements for his son.

{¶ 8} The caseworker concluded that an award of permanent custody to LCCS was in the best interest of the minor child given that appellant continued to commit acts of domestic violence against minors and refused to reengage with any of the services needed for reunification to potentially be possible.

{¶ 9} J.B.'s guardian ad litem ("GAL") next testified in the case. The GAL testified that the minor child had endured significant trauma in his life in connection to the issues of the biological parents and, consequently, J.B. regularly acts out sexually. The GAL conveyed that J.B. has engaged in sexually inappropriate incidents resulting in his removal from at least five of his foster placements, ultimately resulting in his placement into a treatment group home.

{¶ 10} The GAL concluded that an award of permanent custody to LCCS was in the best interest of the minor child given that appellant continued to engage in acts of domestic violence against minors even after participating in services, and declined to engage in further services following the recurrence of domestic violence. Lastly, the GAL testified that J.B. articulated that he had no desire to visit with appellant and that he would never want to be left unsupervised with appellant.

4.

**{¶ 11}** At the conclusion of the hearing, the trial court determined, in relevant part, "The court finds by clear and convincing evidence that J.B. cannot be placed with his parents within a reasonable time or should not be placed with his parents, in accordance with R.C. 2151.414(B)(1)(a) * * * this court also finds by clear and convincing evidence that a grant of permanent custody * * * is in J.B.'s best interest under R.C. 2151.414(D)." This appeal ensued.

**{¶ 12}** In the sole assignment of error, appellant alleges that the trial court's granting of permanent custody to LCCS was against the manifest weight of the evidence. We do not concur.

**{¶ 13}** As this court held in *In re M.G.*, 6th Dist. Lucas No. L-20-1114, 2020-Ohio-5238, ¶ 33, "[The court] must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." In conjunction, as held in *In re A.H.*, 6th Dist. Lucas No. L-11-1057, 2011-Ohio-4857, ¶ 11, "A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence."

**{¶ 14}** The record reflects that both the mother and the father were properly served in connection to this case. The record reflects that neither communicated with counsel or appeared for the permanent custody hearing. Counsel for both parents withdrew based

5.

upon the lack of cooperation and the lack of appearance by their respective clients. The mother declined to appeal.

{¶ 15} The record reflects that LCCS presented uncontroverted, clear and convincing evidence demonstrating that J.B., "cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." R.C. 2151.414(B)(1)(a). The record consistently reflects, through uncontroverted testimony, of appellant's recurrence of domestic violence against minors, of appellant's lack of visitation with the minor child, and of appellant's refusal to engage in services after the latest domestic violence offense, that, "Following the placement of [J.B.] outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, [appellant] has failed continuously and repeatedly to substantially remedy the conditions." R.C. 2151.414(E)(1).

{¶ 16} The record also reflects that appellant, "Demonstrated a lack of commitment towards J.B. by failing to regularly support, visit, or communicate with him when able to do so." R.C. 2151.414(E)(4). Lastly, the record reflects that appellant, "Has been convicted of or pled guilty to an offense under * * * section 2903.21." R.C. 2151.414(E)(6).

{¶ 17} Wherefore, we find that the record is devoid of evidence that the trial court clearly lost its way and created a manifest miscarriage of justice in the permanent custody

6.

determination. On the contrary, the record reflects that the trial court's grant of permanent custody to LCCS, pursuant to R.C. 2151.414(B)(1)(a), was supported by clear and convincing evidence.

{¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this case pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Myron C. Duhart, P.J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.